UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW A. ARMSTRONG,

    Petitioner,

    v.    CAUSE NO. 3:20-CV-310-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Andrew A. Armstrong, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISO-19-11-35) at the Indiana State Prison in which a disciplinary hearing officer found him guilty of possession of a controlled substance in violation of Indiana Department of Correction Offense 202 and sanctioned him with a loss of ninety days earned credit time.

The Warden argues that Mr. Armstrong's claims are procedurally defaulted because he didn't raise them on administrative appeal at the departmental level. State prisoners generally must exhaust State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." Moffat v. Broyles, 288 F.3d 978, 981-982 (7th Cir. 2002). The Warden supports this argument with a printout of Mr. Armstrong's disciplinary records from the Indiana Department of Correction's electronic database. ECF 9-9 at 11. Mr. Armstrong doesn't contest this

argument, so the court finds that his claims are procedurally defaulted and denies the habeas petition. Nevertheless, the court will address the merits of his claims.

Mr. Armstrong argues that he is entitled to habeas relief because the administrative record doesn't have enough evidence for a finding of guilt. He argues that the verification test used by correctional staff was susceptible to false positives and that correctional staff denied his request to submit the confiscated substance for outside testing.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer says that he saw Mr. Armstrong smoke a leafy substance wrapped in brown paper and that he found in Mr. Armstrong's cabinet a bottle with a vegetable flakes label that contained a leafy substance that didn't appear to be vegetable flakes. ECF 9-1. It also includes a photograph of the brown paper, the bottle, and a positive test for synthetic cannabinoids. ECF 9-3. These documents constitute "some evidence" that Mr. Armstrong possessed a controlled substance. Further, there is no right to scientific verification for prison disciplinary proceedings. See Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974); White v. Ind. Parole Bd., 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by

2

Wolff). The claim that the hearing officer didn't have sufficient evidence doesn't provide a basis for habeas relief.

Mr. Armstrong also argues that he is entitled to habeas relief because he didn't get notice of the conduct report and of his procedural rights within seven days as departmental policy requires. Procedural due process doesn't require notice of the conduct report or the prisoner's procedural rights within a particular timeframe. See Wolff, 418 U.S. at 563-566. A failure to follow departmental policy does not rise to the level of a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

The court denied Mr. Armstrong's habeas petition because he hasn't demonstrated that he is entitled to habeas relief. Mr. Armstrong doesn't need a certificate of appealability to appeal this decision, because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Andrew A. Armstrong leave to proceed in forma pauperis on appeal.

SO ORDERED on June 30, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT